OPINION
Laura M. Peterman, defendant and third-party plaintiff, appeals the March 12, 1999 decision and entry of the Franklin County Court of Common Pleas in which the trial court denied Peterman's motion to file an amended third-party complaint, overruled Peterman's objections to a magistrate's decision in favor of third-party defendant, Tobias H. Elsass, and adopted the magistrate's decision as its own. Plaintiff, Susan E. Beechler, appeals the decision of the trial court granting summary judgment in favor of Peterman on Beechler's underlying legal malpractice claim. For the reasons that follow, we affirm.
On February 18, 1997, Beechler, represented by Elsass, filed a legal malpractice action against Peterman, alleging that Peterman failed to advise Beechler in a timely manner of her rights to appeal a judgment entry entered against her. Peterman filed an answer denying any malpractice and raising the affirmative defense of accord and satisfaction. The affirmative defense of accord and satisfaction was based upon Peterman having already negotiated a settlement agreement with Elsass and having paid Beechler $1,500. Peterman also filed a third-party complaint against Elsass. Upon motion by Elsass that Peterman's third-party action be dismissed under Civ.R. 12(B)(6), the trial court overruled said motion holding that Peterman's third-party complaint alleged "in essence, the tort of abuse of process."
On September 4, 1997, Peterman moved for summary judgment on Beechler's underlying legal malpractice action. On October 24, 1997, the trial court granted Peterman's motion for summary judgment, ruling that the undisputed facts established that Beechler's legal malpractice action was barred by the defense of accord and satisfaction.
Peterman's remaining third-party complaint against Elsass was referred to a magistrate for a jury-waived trial commenced on July 1, 1998. On January 26, 1999, the magistrate rendered his decision. In this decision, the magistrate ruled: (1) that Peterman had proceeded on a malicious prosecution claim and not an abuse of process claim; (2) that Peterman did not prove two of the four required elements of a malicious prosecution claim; and (3) that judgment should be rendered in favor of Elsass. On February 4, 1999, Peterman filed objections to the magistrate's decision and filed a motion to file instanter a first amended third-party complaint. On March 12, 1999, the trial court denied Peterman's motion and overruled her objections.
Peterman appeals, raising the following four assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE COURT AND THE MAGISTRATE ERRED IN DETERMINING PETERMAN DID NOT PLEAD A CLAIM FOR ABUSE OF PROCESS, AND IN THE EVENT PETERMAN DID NOT, THE COURT ERRED IN NOT ALLOWING PETERMAN TO AMEND PURSUANT TO CIV. R. 15.
SECOND ASSIGNMENT OF ERROR
 IF PETERMAN'S ACTION WAS A MALICIOUS PROSECUTION ACTION, THE COURT AND MAGISTRATE ERRED IN DETERMINING ELSASS DID NOT SEIZE THE PROPERTY OF PETERMAN.
THIRD ASSIGNMENT OF ERROR
 A. IF PETERMAN'S ACTION WAS FOR MALICIOUS PROSECUTION, THE COURT'S DETERMINATION THAT THE PRIOR PROCEEDINGS DID NOT TERMINATE IN PETERMAN'S FAVOR IS ERROR AND ELEVATES FORM OVER SUBSTANCE.
 B. IF THE LOWER COURT WAS CORRECT IN DETERMINING THE PRIOR PROCEEDINGS HAD NOT TERMINATED, THIS COURT BY AFFIRMING THE TRIAL COURT'S DECISION ON SUMMARY JUDGMENT WILL HAVE TERMINATED THE PRIOR PROCEEDINGS AND SHOULD ENTER FINAL JUDGMENT TO PETERMAN ON THE CLAIM OF MALICIOUS PROSECUTION.
FOURTH ASSIGNMENT OF ERROR
 IF PETERMAN'S ACTION IS AN ACTION FOR MALICIOUS PROSECUTION AND A CIV. R. 15 AMENDMENT IS NOT AVAILABLE, AND A SEIZURE WAS NOT PROVED, THEN THE LAW OF OHIO SHOULD BE REVIEWED AND CHANGED AS TO THE REQUIREMENT OF SEIZURE.
Beechler appeals, raising the following single cross-assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT LAURA M. PETERMAN'S MOTION FOR SUMMARY JUDGMENT AS THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her first assignment of error, Peterman challenges the trial court's refusal to consider her claim for abuse of process. As noted above, the trial court, in overruling Elsass's original motion to dismiss, ruled that Peterman's third-party complaint adequately pleaded a claim for abuse of process. The magistrate ruled, however, that at trial, Peterman proceeded solely on a malicious prosecution claim, and the magistrate amended Peterman's pleadings pursuant to Civ.R. 15(B) to reflect this choice. According to Peterman, her malicious prosecution claim was litigated in addition to, not in lieu of, her abuse of process claim. We find Peterman's contention unpersuasive.
An appellant bears the burden of showing error by reference to matters in the record. See App.R. 12(A)(1)(b) and (2); Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Thus, Peterman has the burden of showing, by reference to matters in the record, that she did not abandon her abuse of process claim and that the magistrate erred in so finding. Peterman, however, has ordered, and made part of the appellate record, only a partial transcript of the trial proceedings. This transcript, which only includes counsels' arguments in regards to Elsass's contention that Peterman had failed to properly plead a malicious prosecution claim, fails to indicate that Peterman intended to litigate an abuse of process claim. In fact, in the portion of the transcript that was filed, counsel for Peterman specifically states that the action was one for malicious prosecution. (Tr. 9.) Thus, nothing in the transcript made part of the appellate record indicates that the magistrate erred in ruling that Peterman abandoned her abuse of process claim.
Moreover, the record affirmatively indicates that the magistrate correctly found that Peterman had abandoned her abuse of process claim. As noted by the trial court, Peterman's post-trial brief only refers to a malicious prosecution claim. Nothing in Peterman's post-trial brief refers to an abuse of process claim. As such, we find that the trial court did not err in failing to reverse the decision of the magistrate ruling that Peterman proceeded solely on a malicious prosecution claim. Peterman's first assignment of error is not well-taken and is overruled.
In her second, third, and fourth assignments of error, Peterman challenges the decision of the magistrate on the merits of her malicious prosecution claim. In order to recover for malicious civil prosecution in Ohio, the plaintiff must prove four essential elements: (1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. See Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, syllabus.
The trial court (in adopting the magistrate's decision) ruled that Peterman failed to prove the third and fourth elements of a malicious prosecution claim—i.e., the termination of prior proceedings in plaintiff's favor and the seizure of plaintiff's property in the course of the prior proceedings. Peterman contends that a plaintiff need not prove seizure of property in the prior proceeding to prove a claim for malicious prosecution (fourth assignment of error) and that even if such proof is required, she satisfied the requirement (second assignment of error). Peterman also contends that she proved that the prior action (the underlying legal malpractice action) terminated in her favor (third assignment of error).
The Ohio Supreme Court has recently held that seizure of plaintiff's person or property is an essential element to prove a claim for civil malicious prosecution under Ohio law. See Robb,supra. In so doing, the court rejected the arguments raised by Peterman here, holding that "the interests of justice and judicial economy are best served by continuing to require the element of seizure of property in malicious civil prosecution cases." Id. at 270. As noted by the court, there are already opportunities built into the civil system to deal with meritless lawsuits and that removing the seizure requirement would result in an explosion of malicious prosecution claims. As such, Peterman's fourth assignment of error is not well-taken and is overruled.
Similarly, we agree with the trial court that Peterman failed to prove that Elsass seized Peterman's property in the course of the prior proceedings. Peterman contends that Elsass seized her $1,500 when he filed suit on behalf of his client, Beechler, after cashing the settlement check. The magistrate and trial court correctly held, however, that while Elsass's actions may have been improper, they did not constitute a seizure of Peterman's property. Peterman voluntarily paid the $1,500 in settlement of Beechler's legal malpractice claims. Thus, the fact that Beechler and Elsass cashed the settlement check provided an affirmative defense to the legal malpractice action subsequently brought by Beechler. As noted by the trial court, "Peterman wanted Mr. Elsass to accept the money to avoid the lawsuit, and she cannot now contend that the money was wrongfully seized." (Decision at 9.) We agree. "A cause of action for malicious civil prosecution will lie only in cases where there is a prejudgment seizure of property, i.e., where there essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself." Robb at 270. Appellant's second assignment of error is not well-taken and is overruled.
In sum, we find that the trial court correctly ruled that seizure of property is an element of a malicious civil prosecution claim under Ohio law and correctly ruled that Peterman failed to prove this element. Given that our resolution of Peterman's second and fourth assignments of error are alone sufficient to sustain the decision of the trial court, we need not address Peterman's third assignment of error.
In her single assignment of error, Beechler contends that the trial court improperly granted summary judgment to Peterman on Beechler's legal malpractice action. In particular, Beechler contends that there are genuine issues of material fact as to whether Peterman was entitled to the defense of accord and satisfaction. We disagree.
Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66. Appellate review of summary judgment is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,8.
"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial. Id.
R.C. 1303.40, which governs accord and satisfaction by use of an instrument such as a check, provides as follows:
 If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all the following apply:
 (A) Unless division (B) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.
 (B) Subject to division (C) of this section, a claim is not discharged under division (A) of this section if either of the following applies:
* * *
 (2) The claimant, whether or not an organization, proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. * * *
Beechler contends that there are genuine issues of material fact as to whether Beechler, through Elsass, tendered the settlement amount back to Peterman within ninety days, whether Beechler ever endorsed the settlement check; and whether Peterman originally tendered the settlement check with a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.
The record does not support Beechler's arguments. Beechler presented no evidence in response to Peterman's motion for summary judgment showing that Beechler or Elsass tendered the settlement amount back to Peterman within ninety days. In Beechler's deposition filed in support of Peterman's motion for summary judgment, Beechler admitted that she endorsed the settlement check. Finally, the undisputed facts in the record show that Peterman mailed the settlement check with a settlement agreement and release of all claims, and Peterman's letter to Elsass accompanying the settlement check made it clear that the check was in full and complete settlement of all claims and that Beechler must execute the settlement agreement and release of all claims prior to negotiating the settlement check.
In sum, the trial court correctly found that there were no genuine issues of material fact and that Peterman was entitled to the affirmative defense of accord and satisfaction as a matter of law. Beechler's single cross-assignment of error is not well-taken and is overruled.
For the foregoing reasons, Peterman's first, second, and fourth assignments of error are overruled, and Peterman's third assignment of error is overruled as moot. Beechler's single cross-assignment of error is overruled.
Judgment affirmed.
PETREE and BOWMAN, JJ., concur.